```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-12-22
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LAURA DAYTON and SUSAN HERR,

                          Plaintiffs,                      7:21-cv-11000-VB

    -against-                               ~~PROPOSED~~ STIPULATED
                                                                PROTECTIVE ORDER

ARMY WEST POINT ATHLETIC ASSOCIATION,

                          Defendant.

---

       Each Party and each Counsel of Record stipulate to a Protective Order regarding the treatment of certain documents and information that may be produced by the Parties during this litigation as follows:

       1.    In this action, at least one of the Parties has sought and/or is seeking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information (as defined in paragraph 2 below). The Parties also anticipate seeking additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information during discovery, and that there will be questioning concerning "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulated Protective Order for the purpose of preventing the disclosure and use of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information except as set forth herein.

       2.    **Definitions**: For purposes of this Stipulated Protective Order, the following definitions shall apply:

1

(a) <u>Disclosing Party</u>. The Disclosing Party is any party or non-party who is requested to produce or produces documents, materials or testimony containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

(b) <u>Receiving Party</u>. The Receiving Party is any party to whom documents, materials or testimony containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is provided.

(c) <u>Confidential Information</u>. "CONFIDENTIAL" information is defined as information that has not been made public, the disclosure of which the Disclosing Party reasonably and in good faith contends could cause harm to the business operations or personal circumstances of the Disclosing Party or provide improper advantage to competitors. "CONFIDENTIAL" information also includes non-public personal, private, or proprietary information, such as, without limitation, personnel records, payroll records, medical records, financial or tax records, job search records, training materials, materials related to a company's operations, financial information, and company contracts. The Disclosing Party shall also provide the basis for marking such documents "CONFIDENTIAL."

(d) <u>Highly Confidential Information</u>. "HIGHLY CONFIDENTIAL" information is defined as "CONFIDENTIAL" information that is technical, commercial, or marketing in nature and that the Disclosing Party reasonably and in good faith believes is so highly sensitive that its disclosure to an employee of a Receiving Party would reveal significant business or financial advantages of the Disclosing Party. It includes, without limitation, information that relates to: (1) current business/strategic plans; (2) trade secrets; (3) technical specifications and information; (4) future financial projections; (5) supplier

and/or vendor identification; (6) non-public marketing information including future marketing plans; (7) detailed financial data; (8) customer lists; or (9) other information of a competitive, technical, financial, or commercial significance comparable to the items listed in this paragraph. The Disclosing Party shall also provide the basis for marking such documents "HIGHLY CONFIDENTIAL."

(e) <u>Confidential Material</u>. Confidential Material refers collectively to "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information.

(f) <u>Outside Service Organization</u>. An Outside Service Organization is an individual or organization that provides photocopying, document processing, electronic discovery, translation or graphics services to counsel as part of the ordinary course of the discovery, motion practice, trial preparation, or trial.

(g) <u>Support Staff</u>. Support Staff are employees of counsel for the Parties or their Consultants, including paralegals, clerical personnel, and secretarial personnel.

(h) <u>Action</u>. The Action is the matter of *Laura Dayton and Susan Herr v. Army West Point Athletic Association*, Case No. 17:21-cv-11000-VB, pending in the United States District Court for the Southern District of New York.

3. **Applicability of Protective Order**: If, in the course of this Action, a Party undertakes or is caused to disclose what the Disclosing Party contends is Confidential Material, the procedures set forth herein shall be employed and the disclosure shall be subject to this Stipulated Protective Order. Confidential Material shall be used solely in the preparation, prosecution, defense, or trial of this Action.

4. **Disclosure Prohibited**: Confidential Material shall not be disclosed or summarized, either in writing or orally, by a Receiving Party to anyone other than persons

3

permitted to have access to such information under this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall limit disclosure or use by a Designating Party of its own Confidential Material.

5. **Designating and Marking Confidential Material**: Confidential Material shall be designated and marked as follows:

(a) Documents. Documents may be designated as "CONFIDENTIAL" by placing the designation, or equivalent thereof, on any such document. Documents may be designated as "HIGHLY CONFIDENTIAL" by placing the designation, or equivalent thereof, on any such document. Such designations shall be placed upon every page of each document containing Confidential Material. In lieu of marking the originals of documents, the party may mark the copies that are produced, exchanged, filed, or served.

(b) Non-Paper Media. Where Confidential Material is produced in a non-paper medium (*e.g.*, video tape, audio tape, computer disks, etc.), the appropriate confidentiality notice as described in ¶ 5(a) above should be placed on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. To the extent that any Receiving Party prints any of the Confidential Material contained on non-paper media, such printouts shall be marked as described in ¶ 5(a) above by the Receiving Party.

(c) Physical Exhibits. The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶ 5(a) above.

(d) Written Discovery. In the case of Confidential Material incorporated in answers to written discovery, the appropriate confidentiality notice as described in ¶ 5(a)

above shall be placed on the first page of the document and on each answer or response that actually contains Confidential Material.

6. **Deposition Proceedings**: Information disclosed at any deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by indicating on the record at the deposition that the specified part of the testimony (including the entire testimony given or to be given by a witness) and/or all or any part of any document or thing marked for identification is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The Disclosing Party may designate information contained in the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying all Parties in writing of the specific pages and lines of the transcript that contain such information.

7. **Inadvertent Nondesignation**: The failure to designate Confidential Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of disclosure shall not operate as a waiver of a Disclosing Party's right to designate said information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event that Confidential Material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after disclosure, a Receiving Party shall employ reasonable efforts to ensure that all such information is subsequently treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Stipulated Protective Order. Disclosure of such Confidential Material to persons not authorized to receive that information before receipt of the confidentiality designation shall not be deemed a violation of this Stipulated Protective Order. However, in the event Confidential Material has been distributed in a manner inconsistent with the designation, a Receiving Party will take the steps necessary to conform distribution to the designation. In the event distribution has occurred to a person not under the control

of a Receiving Party, a request for return of the Confidential Material, and for an undertaking of confidentiality, shall be made in writing.

8.  **Misdesignation**: A Disclosing Party will use reasonable efforts to avoid designating any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is not entitled to such designation or that is generally available to the public.

9.  **Challenging Designation**: Any Receiving Party disagreeing with the designation of Confidential Material shall notify the Disclosing Party in writing. The Disclosing Party shall have no more than fourteen (14) days, from the date of receipt of such notice to: (a) advise the Receiving Party whether or not the Disclosing Party persists in such designation; and (b) if the Disclosing Party persists in the designation, to explain the reasons for the particular designation. Thereafter, if the Parties cannot resolve the disagreement within fourteen (14) days, the Disclosing Party may then, after advising the Receiving Party, move the Court for an order justifying the designation. In connection with the motion, the Disclosing Party shall bear the burden of establishing that good cause exists for the designation. The failure of the Designating Party to file a motion within the prescribed time shall cause the Confidential Material to lose its designation. The failure of a Receiving Party to challenge the designation of any Confidential Material at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not appropriately designated for any reason.

10. **Access to "CONFIDENTIAL" Information**: Access to "CONFIDENTIAL" information shall be limited to the following individuals after they have been made aware of the provisions of this Stipulated Protective Order: (a) persons qualified to have access to "HIGHLY CONFIDENTIAL" materials pursuant to ¶ 11 below; and (b) a party or employees of a party who need to know the information to assist counsel in connection with the Action.

11. **Access to "HIGHLY CONFIDENTIAL" Information**: Access to "HIGHLY CONFIDENTIAL" information shall be limited to the following individuals after they have been made aware of the provisions of this Stipulated Protective Order:

(a) <u>Outside Counsel</u>: Outside counsel of record for the Parties to the Action, including counsel's Support Staff and Outside Service Organizations;

(b) <u>In-House Counsel</u>: In-house counsel of a Party working on the Action (including in-house counsel's Support Staff);

(c) <u>Court Reporters</u>: Court reporters taking testimony and their support personnel;

(d) <u>The Court</u>: The Court and authorized court personnel; and

(e) <u>Outside Service Organizations:</u> As defined in ¶ 2(f) herein.

(f) <u>Consultants and Experts</u>: Experts or independent consultants retained by counsel for assistance with respect to the Action, together with their Support Staff.

(g) <u>Witnesses or potential witnesses</u>.

12. **Filing Documents Under Seal**: No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of Local Civil Rule 5.2 and demonstrate that the Confidential Material at issue is entitled to protection.

13. **Custody of Confidential Material**: Confidential Material shall be maintained in the custody of counsel for the Parties, except that: (a) any court reporter who transcribes testimony given in the Action may maintain any Confidential Material for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of Confidential Material may be retained by persons entitled to access such materials under the terms of this Stipulated Protective

Order to the extent necessary for their study, analysis and preparation of the case. A person with custody of Confidential Material shall maintain it in a manner that limits access to those persons entitled under this Stipulated Protective Order to examine the materials so designated.

14. **No Application to Public or Otherwise Available Information**: The restrictions and obligations set forth herein shall not apply to any information which: (a) the Parties agree, or the Court rules, is already public knowledge; (b) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by a Receiving Party, its employees, or agents in violation of this Stipulated Protective Order; or (c) has come or shall come into a Receiving Party's legitimate possession independently of the Disclosing Party.

15. **Conclusion of the Action**: At the conclusion of this Action, Confidential Material shall be: (1) returned to the Disclosing Party; (2) destroyed by counsel for the Parties; or 3) preserved by counsel for the Parties in a manner that is fully consistent with the terms of this Stipulated Protective Order. Counsel for the Parties may retain copies of the court papers, deposition, and trial transcripts, and attorney work product that contain Confidential Material, for the sole purpose of maintaining a complete file, and all such retained documents will not be disclosed to any person or utilized for any reason purpose unrelated to this Action, except upon express permission of the Disclosing Party or this Court after written notice to counsel for the Party that produced the Confidential Material. The termination of this Action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Material pursuant to this Stipulated Protective Order.

16. **Inadvertent Disclosure**: Inadvertent disclosure of material protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of the applicable privilege in the Action or in any other proceeding, pursuant to Federal Rule of Evidence 502. Upon

request by the Disclosing Party, the Receiving Party shall immediately return or destroy any and all copies of such inadvertently produced documents, including any and all copies distributed to others. The Disclosing Party must preserve any inadvertently produced documents until all disputes regarding the discoverability of the documents have been resolved. If the Receiving Party has sequestered any notes or memoranda, then the Receiving Party shall destroy all sequestered notes and memoranda within five (5) days of a court order determining that the inadvertently produced material is privileged.

17. **No Waiver**: Nothing in this Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Material shall be treated at trial.

18. **Modification of the Stipulated Protective Order by the Court**: The Court may modify the terms and conditions of the Stipulated Protective Order for good cause, in the interest of justice, or on its own order at any time in these proceedings.

19. **Jurisdiction**: During the course of the Action, each individual who receives any Confidential Material hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Stipulated Protective Order.

Dated: April 11, 2022.

**SO STIPULATED**:

*/s/ Kristina M. Wright*  
Mikhail Shah, Esq.  
MESSNER REEVES LLP  
88 Pine Street, Suite 2450  
New York, New York 10005  

*/s/ Jason L. Solotaroff*  
Jason L. Solotaroff  
David O'Brien  
GISKAN, SOLOTAROFF & ANDERSON, LLP  
90 Broad Street, 2nd Floor

Telephone: (646) 663-1860
Email: mshah@messner.com

Kristina M. Wright (*pro hace vice*)
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
kwright@messner.com
Phone: (303) 623-1800
Fax: (303) 623-0552

*Attorneys for Defendant*

New York, New York 10004
646-964-9640
jsolotaroff@gslawny.com
dobrien@gslawny.com

*Attorneys for Plaintiffs*

SO ORDERED:

Dated at ~~New York~~ White Plains, New York, this 12 day of April, 2022.

BY THE COURT:

_____
U.S.D.J.